WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Peck, et al., | No. CV-12-01371-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Margaret Hinchey, et al., | |
| Defendants. | |

Pending before the Court is Defendants Paula Veach and the City of Phoenix's Motion for Attorneys' Fees ("Motion") pursuant to 42 U.S.C. § 1988(b). (Doc. 339). Plaintiffs filed an Opposition to Veach and the City of Phoenix's Motion (Doc. 344) and Veach and the City of Phoenix filed a Reply (Doc. 347). For the following reasons, the Court denies Veach and the City of Phoenix's Motion.

**I.   BACKGROUND**[1]

On December 7, 2006, the Phoenix Police Department ("PPD") received a citizen complaint that PPD officers, who were contracted to provide Cotton Center Townhomes Properties ("Townhomes") with uniformed off-duty PPD services, had been paid for services not actually performed. (Doc. 329 at 2–3). Among the off-duty PPD officers were Plaintiffs Steven Peck, Aaron Lentz, and Benjamin Sywarungsymun. (*Id.* at 2). In response to the complaint, PPD assigned

---

[1] This section contains background information referenced in the Court's Summary Judgment Order (Doc. 329) in which facts from the Parties' filings were construed in the light most favorable to Plaintiffs.

two detectives from its Professional Standards Bureau to gather documentation related to the Townhomes job and organize this information into an Excel spreadsheet (the "PSB spreadsheet"). (*Id.*). PPD then transferred the matter to Sergeant Paula Veach to conduct an administrative investigation to determine if any PPD policies had been violated. (*Id.* at 3). Veach received the PSB spreadsheet, requested additional materials, and added additional information to the PSB spreadsheet. (*Id.*). Veach also conducted *Garrity*-protected[2] officer interviews with Plaintiff Sywarungsymun and other non-plaintiff officers. (*Id.*). After two of the other interviewed officers admitted to leaving the Townhomes job early, Veach created a PowerPoint presentation to update her chain of command on the status of the ongoing administrative investigation. (*Id.* at 3–4). Following the presentation, PPD ordered Veach to halt her administrative investigation and referred the matter to the Arizona Attorney General's Office ("AGO") to conduct a criminal investigation. (*Id.* at 4). PPD ordered Veach to provide her records to the AGO and serve as PPD's liaison for the purposes of the AGO's criminal investigation. (*Id.*).

In November 2008, the AGO appointed Special Agent Margaret Hinchey to conduct the criminal investigation. (*Id.*). Veach met with Hinchey to discuss the PSB spreadsheet and its underlying data. (*Id.*). Veach informed Hinchey that the administrative investigation was incomplete and that the PSB spreadsheet was incomplete and inaccurate. (*Id.*). During the course of Hinchey's investigation, Veach, as the PPD liaison, answered Hinchey's questions related to PPD policies and procedures, and directed Hinchey to sources of data relevant to Hinchey's investigation. (*Id.*). In December 2009, Veach's role as PPD liaison to Hinchey ended. (*Id.*).

A grand jury indicted Plaintiffs on November 17, 2010. (*Id.* at 5). During the

---

[2] *Garrity*-protected interviews generally contain statements made by an officer at a department disciplinary proceeding or as part of an internal affairs investigation. Those statements are then prohibited from being used against the officer in a subsequent criminal prosecution. *See Garrity v. New Jersey*, 385 U.S. 493 (1967).

course of criminal discovery, Plaintiffs' attorneys reviewed the AGO's investigation, discovered falsities, and moved for remand of Plaintiffs' indictment. (*Id.*). The Maricopa County Superior Court granted remand. (*Id.*). The AGO presented the remaining evidence to a second grand jury. (*Id.*). The second grand jury failed to return an indictment of Plaintiffs. (*Id.*). On November 23, 2011, the AGO dropped all criminal charges against Plaintiffs. (*Id.*).

In June 2012, Plaintiffs filed this 42 U.S.C. § 1983 action against Veach and the City of Phoenix, eventually alleging that Veach: (1) intentionally presented false evidence to support criminal charges; (2) presented false evidence to support criminal charges with a reckless disregard for the truth; (3) maliciously prosecuted Plaintiffs; (4) violated Plaintiffs' *Garrity*-protected rights; and (5) conspired to violate Plaintiffs' constitutional rights. (Doc. 180; s*ee* Doc. 1). During discovery, Plaintiffs twice amended their Complaint. (S*ee* Docs. 171; 181). After filing the Second Amended Complaint ("SAC"), Plaintiffs deposed additional witnesses, including Hinchey and Veach (*see* Docs. 211, 230–35), and received additional documents from the AGO's investigation case file (s*ee* Docs. 186, 188, 190, 196, 200, 201).

On March 14, 2014, the Court granted summary judgment in favor of Veach on each of the five § 1983 claims (Counts I, II, III, V, and VI of the SAC) on qualified immunity grounds. (Doc. 329 at 29–43). Because Plaintiffs' claims against the City of Phoenix were predicated on Veach's conduct, the Court also dismissed all § 1983 claims against the City of Phoenix. (*Id.* at 43).

## II. LEGAL STANDARD

"In any action or proceeding to enforce a provision of . . . [42 U.S.C. §] 1983 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the cost." 42 U.S.C. § 1988. Under § 1988 jurisprudence, a prevailing defendant is treated differently than a prevailing plaintiff in that fees are not awarded simply because the defendant succeeds. *See Patton v. Cnty. of Kings*,

1    857 F.2d 1379, 1381 (9th Cir. 1988). The Ninth Circuit has repeatedly recognized that
2    attorneys' fees in civil rights cases "should only be awarded to a defendant in exceptional
3    cases." *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990); *see also Herb Hallman*
4    *Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 646 (9th Cir. 1999) (recognizing "the
5    well-established rule that a [prevailing] defendant should only receive an award of
6    attorneys' fees in extreme cases").

7    In determining whether to award attorneys' fees to a prevailing defendant of a
8    § 1983 claim, a court must evaluate whether the action was "frivolous, unreasonable or
9    without foundation" at the time the complaint was filed. *Tutor-Saliba Corp. v. City of*
10   *Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006). An action is frivolous "when the result
11   appears obvious or the arguments are wholly without merit." *Galen v. Cnty. of L.A.*,
12   477 F.3d 652, 666 (9th Cir. 2007). In determining an action's frivolity, a court should
13   neither rely on hindsight logic nor focus on whether the claim was or was not ultimately
14   successful. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22 (1978).
15   Even if "evidence to support a [somewhat tenuous] theory failed to materialize, and
16   summary judgment was properly granted in favor of the defendants," a court may deny
17   attorneys' fees where originating circumstances furnish *some* basis for the claim. *Karam*
18   *v. City of Burbank*, 352 F.3d 1188, 1196 (9th Cir. 2003). "Under this standard, an
19   unsuccessful plaintiff who acted in good faith is generally not at risk of having to pay the
20   other side's attorney's fees." *Akiak Native Cmty. v. U.S. EPA*, 625 F.3d 1162, 1166 (9th
21   Cir. 2010).

22   The Ninth Circuit recognizes that a district court has significant discretion in
23   awarding attorneys' fees to a prevailing defendant. *See Thomas v. City of Tacoma*,
24   410 F.3d 644, 651 (9th Cir. 2005). "[A]lthough a finding of frivolity [is] a prerequisite to
25   an award of attorney's fees, 'notwithstanding such a finding, the district court still retains
26   discretion to deny or reduce fee requests after considering all the nuances of a particular
27   case.' " *Id.* (quoting *Tang v. R.I., Dep't of Elderly Affairs*, 163 F.3d 7, 15 (1st Cir. 1998)).
28   A court must exercise such discretion "expressly in order to avoid discouraging civil

rights plaintiffs from bringing suits, and thus 'undercut[ting] the efforts of Congress to promote the vigorous enforcement of' the civil rights laws." *Harris v. Maricopa Cnty. Super. Ct.*, 631 F.3d 963, 971 (9th Cir. 2011) (quoting *Christiansburg*, 434 U.S. at 422) (alteration in original).

### III. ANALYSIS

As prevailing defendants, Veach and the City of Phoenix claim that "Plaintiffs pursued 42 U.S.C. § 1983 claims against [Veach and the City of Phoenix] despite the absence of facts showing a constitutional violation," and, therefore, that Veach and the City of Phoenix are "entitled to recoup their reasonable attorneys' fees for time spent defending [against] Plaintiffs' baseless claims." (Doc. 339 at 4).

#### A. Defendants Veach and the City of Phoenix's Non-Compliance with LRCiv 54.2

Defendants Veach and the City of Phoenix's Motion fails to comply with Local Rule of Civil Procedure ("LRCiv") 54.2. LRCiv 54.2 requires the moving party to certify that it consulted, or made a good faith effort to consult, with the opposing party regarding the request for attorneys' fees before filing a motion for attorneys' fees. LRCiv 54.2(d)(1). Here, the parties have neither met nor conferred. (*See* Doc. 344). Veach and the City of Phoenix urge the Court to excuse their procedural error because "[e]ven if City Defendants consulted with Plaintiffs, the outcome would be the same, requiring court intervention to determine frivolousness." (Doc. 347 at 10). Plaintiff fails to explain how this matter would not have been brought to this Court had the parties met and conferred. (*See* Doc. 344 at 2–3).

The Court agrees with Veach and the City of Phoenix that, based on the issues raised by Plaintiffs, a meeting would not have led the parties to determine the frivolity of Plaintiffs' claims. Furthermore, the amount of attorneys' fees requested by Veach and the City of Phoenix as well as Plaintiffs' alleged inability to pay this high amount (*id.* at 13–14) would have added to the futility of a meeting. In this case, LRCiv 54.2 gives the

1  Court reason to dismiss Veach and the City of Phoenix's Motion on procedural grounds;
2  however, given the circumstances of this case, the Court excuses Veach and the City of
3  Phoenix's noncompliance with LRCiv 54.2 and addresses the underlying merits of the
4  Motion. *See Guam Sasaki Corp. v. Diana's, Inc.*, 881 F.2d 713, 718 (9th Cir. 1989) ("It is
5  for the court in which a case is pending to determine what departures from statutory
6  prescription or rules of court are so slight and unimportant that the sensible treatment is
7  to overlook them.").

### B. Defendant Veach's Entitlement to Attorneys' Fees

Defendant Veach first argues that Plaintiffs knew or should have known that their claims against Veach were frivolous upon filing their Complaint. (Doc. 339 at 5). Alternatively, Veach argues that Plaintiffs knew or should have known that their claims against Veach were frivolous upon filing the SAC. (*Id.* at 5–6). If Plaintiffs knew that a claim was frivolous when filing the Complaint then, logically, Plaintiffs would know that the claim was frivolous when filing the SAC.[3] Therefore, the Court begins its analysis by examining the frivolity of Plaintiffs' § 1983 claims against Veach at the time the SAC was filed.

Veach argues that all five of Plaintiffs' claims against her were frivolous upon filing the SAC, including: (1) Count I: Intentional Presentation of False (Fabricated) Evidence to Support Criminal Charges; (2) Count II: Presentation of False Evidence to Support Criminal Charges with a Reckless Disregard for the Truth; (3) Count III: Malicious Prosecution; (4) Count V: Violations of *Garrity*-Protected Rights; and (5) Count VI: Conspiracy to Violate Constitutional Rights. The factual basis for each of these counts depends on the scope of Veach's role in the criminal investigation and to what extent Hinchey relied on information disclosed by Veach during Hinchey's criminal investigation.

---

[3] In making this conclusion, the Court assumes that nothing disclosed during discovery would have somehow converted a frivolous claim into a non-frivolous claim. Indeed, here, Veach and the City of Phoenix argue that discovery revealed nothing to support the merits of Plaintiffs' claims. (*See* Doc. 339).

- 6 -

1    A claim is frivolous if it has no "legal or factual basis" at the "time the complaint
2    was filed." *Tutor-Saliba*, 452 F.3d at 1060 (9th Cir. 2006). "[A] plaintiff's loss at the
3    summary judgment stage does not render [the plaintiff's] case per se frivolous,
4    unreasonable, or without foundation for the purpose of attorney's fees under § 1988."
5    *Lyon v. Estrella Foothills High Sch.*, No. CV-03-2306-PHX-JAT, 2007 WL 707124, at
6    *2 (D. Ariz. Mar. 6, 2007) (citing *Christiansburg*, 434 U.S. at 422). As a result, even
7    after a court adjudicates summary judgment in favor of the defendant, the defendant still
8    carries the burden of establishing that the action was frivolous. *See Galen*,
9    477 F.3d at 667 (denying a defendant's motion for attorneys' fees because the defendant
10   failed to carry the lofty burden of proving frivolity of the claim despite prevailing on
11   summary judgment). Consequently, to be awarded fees, Veach must prove that Plaintiffs
12   knew or should have known, upon filing the SAC, that each count against Veach was
13   "wholly without merit" because Hinchey did not rely on the information contributed by
14   Veach during the criminal investigation. *Id.* at 666.

15   Veach contends that "[i]t was clear or should have been at the time Plaintiffs filed
16   the SAC [that] the AG[O] conducted an independent investigation and did not rely on
17   Defendant Veach." (Doc. 339 at 6). In support of this contention, Veach notes that, at the
18   time of filing the SAC, Plaintiffs knew that "Veach advised Defendant Hinchey her
19   investigation was incomplete" and "the PSB spreadsheet was inaccurate and more work
20   needed to be done." (*Id.*). Additionally, prior to filing the SAC, Plaintiffs knew that
21   "Hinchey asked PPD for all supporting data used to calculate times[,] . . . determined
22   shift start and end times using MDT, radio log off, PACE time, [and] report entry
23   times, . . . re-interviewed a Townhomes witness, interviewed at least 21 involved officers,
24   and had independently reviewed the PPD policies" prior to the decision to seek criminal
25   charges. (*Id.*). Veach also mentions that before Plainiffs filed the SAC, "both Defendants
26   Hinchey and Veach testified" that Veach's role "was to provide background information
27   and sources of data that Defendant Hinchey's investigation required." (*Id.*).
28   These statements were corroborated by "Hinchey's investigative reports, emails

1  between Defendants Veach and Hinchey, and the transcript from a meeting between
2  Defendant Veach, Defendant Hinchey, and the prosecutor." (*Id.*). Despite all of the
3  above-stated discovery, after the SAC was filed, "additional witnesses were deposed,
4  including Defendants Hinchey [and] Veach." (Doc. 344 at 12). Furthermore, "Plaintiffs
5  did not receive the complete AGO investigation case file until after the filing of the
6  SAC." (*Id.*).

7  Notwithstanding Veach's lengthy summary of facts apparent when the SAC was
8  filed, Veach cites to no specific facts that would cause Plaintiffs to know that the later
9  depositions and additional documents would discover no new or
10 contradictory information about Veach's role in the criminal investigation. While the
11 Court dismissed Plaintiffs' claims at the summary judgment stage *because*, ultimately, no
12 new information about Veach's role was discovered, the Court's decision was based on a
13 post-discovery, fully-developed record as compared to the incomplete record available to
14 Plaintiffs when Plaintiffs filed the SAC. Because Veach does not cite to any
15 dispositive fact indicating Plaintiffs knew or should have known that their claims were
16 frivolous, the Court would be forced to speculate to reach a determination. However, it is
17 not the Court's role to speculate what Plaintiffs knew or did not know upon filing the
18 SAC to make up for Veach's inability to carry her high burden of proof.

19 The Court does not find that Plaintiffs reasonably knew upon filing the SAC
20 that no facts could be discovered to support their claims against Veach.
21 *Christiansburg* cautions courts against punishing plaintiffs for advancing claims that
22 are less than "airtight." 434 U.S. at 422. Plaintiffs should be given the benefit of the
23 doubt that decisive facts could have reasonably been expected to emerge
24 through discovery to support their suspicion that Veach had a greater role in the
25 AGO's criminal investigation than had thus far been discovered. *See id.* Therefore,
26 the Court cannot apply the "hindsight logic" of Veach's summary judgment victory to
27 conclude that Plaintiffs' claims were frivolous,[4] unreasonable, or unfounded at the time

---

[4] The Court finds Plaintiff Sywarungsymun's *Garrity*-violation claim against

Plaintiffs filed the SAC. *See id.* Thus, the Court finds that Veach is not entitled to attorneys' fees under § 1988. Accordingly, the Court denies Veach's request for attorneys' fees.

### C. Defendant City of Phoenix's Entitlement to Attorneys' Fees

The City of Phoenix argues that it is entitled to attorneys' fees because it prevailed on the three constitutional claims against it. (Doc. 339 at 10). Each of these claims is predicated upon a finding that Veach violated Plaintiffs' constitutional rights. (Doc. 329 at 43). Because Veach is not entitled to § 1988 attorneys' fees for any of Plaintiffs' claims, the Court similarly finds that the City of Phoenix cannot be entitled to § 1988 attorneys' fees. Accordingly, the Court denies the City of Phoenix's request for attorneys' fees.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendants Paula Veach and the City of Phoenix's Motion for Attorneys' Fees (Doc. 339) is **DENIED.**

Dated this 28th day of July, 2014.

James A. Teilborg
Senior United States District Judge

---

Veach is non-frivolous because Sywarungsymun provided Veach with a *Garrity*-protected statement and it was unclear whether future discovery would reveal that Veach violated his *Garrity* rights. However, the Court finds that the same claims by Plaintiffs Steven Peck, Aaron Lentz, and Shannon Lentz were frivolous upon filing the original Complaint because these three plaintiffs never provided a *Garrity*-protected statement to Veach, and, thus, the claims had no legal or factual basis. Despite recognizing the frivolity of three of the Plaintiffs' *Garrity* claims, the Court chooses to exercise its discretion in not awarding attorneys' fees because of the negligible amount of attorney resources that should have been expended when defending against such easily-verifiable claims. *See Thomas*, 410 F.3d at 651 ("[A]lthough a finding of frivolity was a prerequisite to an award of attorney's fees, 'notwithstanding such a finding, the district court still retains discretion to deny or reduce fee requests after considering all the nuances of a particular case.' ") (quoting *Tang*, 163 F.3d at 15).