WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Steven Peck, et al.,

Plaintiffs,

v.

Margaret Hinchey, et al.,

Defendants.

No. CV-12-01371-PHX-JAT

**ORDER**

Pending before the Court are Plaintiffs' Motion for Leave to File a Third Amended Complaint (Doc. 353), Defendant Margaret Hinchey's Motion to Strike Plaintiffs' Motion for Leave to File a Third Amended Complaint (Doc. 354), and Defendant's Motion to Dismiss Second Amended Complaint (Doc. 355). The Court now rules on the motions.

## I. Background

Steven Peck, Benjamin Sywarungsymun, Aaron Lentz, and Shannon Lentz (hereinafter "Plaintiffs") filed a complaint against Margaret Hinchey (hereinafter "Defendant" or "Hinchey") and numerous other defendants in June 2012. Plaintiffs were subjected to a criminal investigation in which Hinchey, a Special Agent with the Arizona Attorney General's Office, was involved. The investigation sought to determine whether Defendants, who were employed by the Phoenix Police Department (PPD), were falsely reporting the hours worked at their off-duty job working security at the Cotton Center Townhomes. (Doc. 1 at 4). In November 2010, Plaintiffs were indicted by a grand jury on

felony theft of services charges. (Doc. 1 at 13). Plaintiffs also were suspended from their jobs with the PPD. (Doc. 1 at 15).

After a review of Defendant's investigation, Plaintiffs filed a motion to remand their indictments in Maricopa County Superior Court. The motion was granted, and a second grand jury declined to re-indict Plaintiffs. The Attorney General's Office then filed a motion to dismiss charges against Plaintiffs, and the charges were dismissed in November 2011.

Subsequently, Plaintiffs filed a complaint in this Court, alleging *inter alia* that Hinchey and the other defendants falsified evidence, presented false evidence to the grand jury and prosecuting authorities, and maliciously prosecuted Defendants in violation of their Constitutional rights and 42 U.S.C. § 1983. (Doc. 1). In April 2013, this Court issued an order granting Plaintiffs leave to amend their complaint upon stipulation of the parties. (Doc. 166). In that same order, the Court re-set the controlling Rule 16 deadlines and removed the previously-agreed to "floating date" for filing motions to amend the complaint. The Court noted that Plaintiffs could no longer continue to amend the complaint dependent upon the Court's future rulings, and required Plaintiffs to "file any further motions to amend" the complaint by May 31, 2013. (Doc. 166 at 5). Upon stipulation of the parties, Plaintiffs filed a Second Amended Complaint (hereinafter "the Complaint") on May 8, 2013. (Doc. 180).

Later, Defendant filed a motion to dismiss the Complaint. (Doc. 197). The Court granted the motion on the basis of absolute immunity under *Rehberg v. Paulk*, 132 S. Ct. 1497 (2012), and dismissed Plaintiffs' complaint without leave to amend. (Doc. 329). Plaintiffs appealed the dismissal, and the Ninth Circuit Court of Appeals reversed this Court's grant of absolute immunity to Hinchey. (Doc. 351; Doc. 351-2; *see also* Doc. 352). On appeal, Plaintiffs also argued this Court erred when it denied them leave to amend the Complaint after the May 31, 2013 deadline. (Doc. 354 at Exhibit 1). The Circuit Court disagreed and affirmed this Court's denial of leave to amend, determining that Plaintiffs "did not demonstrate 'good cause' to amend past the deadline." (Doc. 351-

2 at 4). The Circuit Court also explained that as a result of its ruling, this Court "need only consider the allegations in the Second Amended Complaint on remand." (*Id*.)

After the Circuit Court's ruling, this Court entered an Order clarifying the case's procedural posture. That Order explained that the Complaint, as limited by the Ninth Circuit's decision on appeal, now represents the "totality of the claims" remaining in the case. (Doc. 352 at 3). The Court also required Defendant to respond to Counts I, II, and III of the Complaint either by answer or by a "completely new" motion. (Doc. 352 at 3 n.2). Defendant did so by filing a motion to dismiss the Complaint. (Doc. 355). Plaintiffs also filed a motion for leave to file a third amended complaint (Doc. 353), and Defendant moved to strike Plaintiffs' motion to amend (Doc. 354).

## II. Motion for Leave to File Third Amended Complaint

### A. Legal Standard

Plaintiffs' request leave to file a third amended complaint was filed in August 2016 — well after the expiration of the May 31, 2013 deadline set by this Court in its April 2013 ruling. (Doc. 166). Accordingly, the Court must evaluate Plaintiffs' motion under Rule 16(b) to determine if good cause exists for the delay in filing. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *see also Taylor ex rel. Thomson v. Zurich Am. Ins. Co.*, 2013 WL 1340014 at *5 (D. Ariz. Aug. 3, 2010). If the Court finds good cause for granting leave to amend under Rule 16(b), it must then determine whether leave to amend is also warranted under Rule 15(a). *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607–08 (9th Cir. 1992) (explaining that "a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)"). Whether to grant leave to amend a complaint is a decision "within the Court's sound discretion." *In re Mortg. Elec. Registration Sys. Litig.*, 744 F.Supp.2d 1018, 1033 (D. Ariz. 2010); *see also Ascon Prop., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (describing this Court's discretion to deny further leave to amend as "particularly broad" when the plaintiff has already had an opportunity to amend the complaint).

**B. Good Cause under Rule 16(b)**

Federal Rule of Civil Procedure ("Rule") 16(b) states that the Court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The primary consideration under Rule 16(b) is the "diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Although the Court may consider whether an amendment would prejudice the non-moving party, the "focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* To show good cause under Rule 16(b), the moving party must prove: (1) that its need to seek a late amendment of the complaint was not reasonably foreseeable or anticipated at the time of the Rule 16 scheduling conference, and (2) that it was diligent in seeking to extend the time for amending the complaint once it became apparent that amendment was necessary. *Taylor*, 2013 WL 1340014 at *3.

Plaintiffs argue a third amended complaint is necessary to "remove reference to dismissed Defendants and to further define earlier allegations." (Doc. 353 at 4:2, 4:21). Under the facts of this case, the Court does not find Plaintiffs' argument compelling. Plaintiffs assert the need to redefine the Complaint's allegations arose based on information learned during Defendant Hinchey's depositions. (Doc. 353 Exhibit 1 at ¶ 101, 104–05). But Hinchey's depositions were completed as early as August 2013. (Doc. 95, Doc. 100, Doc 110, Doc. 116, Doc. 234). Plaintiffs therefore had reason to know of the facts necessitating redefinition of their claims for seven months before this Court ruled on Defendant's motion to dismiss in March 2014. And although Hinchey's depositions concluded after the Court's deadline for seeking leave to amend, waiting three years to file such a motion was not diligent.

Neither does the more recent dismissal of several defendants serve as a compelling reason for Plaintiffs to file a third amended complaint. Multiple defendants have previously been dismissed from this lawsuit without Plaintiffs seeking leave to file an entirely new complaint removing references to dismissed parties. (*See* Doc. 266, Doc. 299, Doc. 306 (voluntarily dismissing defendants)). The Court therefore finds Plaintiffs

were not diligent in seeking leave to amend the Complaint after they became aware that such an amendment may be prudent.

**C. The Rule of Mandate**

The Ninth Circuit's decision on appeal also has some bearing on whether this court should grant Plaintiffs leave to amend. This Court must take care to follow the terms of the Circuit Court's mandate and may not issue an order "counter to the spirit of the circuit court's decision." *Wininger v. SI Management L.P.*, 244 Fed.Appx. 156, 157–58 (9th Cir. 2007) (quoting *United States v. Perez*, 475 F.3d 1110, 1113 (9th Cir. 2007)).

The Court finds that the spirit of the Ninth Circuit's mandate is better sustained by denying Plaintiffs leave to amend.[1] The Circuit Court determined that leave to amend the Complaint was not warranted in this case, even in light of the dismissal of several defendants and all but three of Plaintiff's claims. Put another way, the Circuit Court found the Complaint sufficient to outline Plaintiffs' claims and explained that this court "need only consider the allegations" contained in the Complaint upon remand. For this Court to hold now that a third amended complaint is necessary and warranted, despite the Circuit Court's contrary conclusion, would run afoul of the spirit of the Circuit Court's directive. *See id.*

**D. Disposition**

Because Plaintiffs have not shown good cause for granting leave to amend, and in keeping with the spirit of the Circuit Court's holding, Plaintiffs' motion for leave to file a third amended complaint is denied. Defendant's motion to strike is therefore denied as moot.

**III. Motion to Dismiss Plaintiff's Second Amended Complaint**

**A. Legal Standard**

Next, the Court addresses Defendant's motion to dismiss the Complaint for failure

---

[1] Defendant argues the Ninth Circuit's decision on appeal categorically prohibits considering Plaintiffs' motion for leave to amend. The Court disagrees. The Circuit Court's decision was permissive, explaining that this Court "*need* only consider the allegations" in the Complaint; it did not hold that this Court "*may* only consider," "*should* only consider," or "*must* only consider." (Doc. 351-2 at 4).

to state a claim under Rule 12(b)(6). (Doc. 355). Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." In order to survive a challenge under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of [the] cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Instead, it must plead facts sufficient to "raise a right to relief above the speculative level." *Id.* The Court construes the facts as alleged in the light most favorable to the Plaintiffs and accepts all well-pleaded factual allegations (and reasonable inferences to be drawn therefrom) as true. *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005); *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

**B. *Devereaux* Claims**

Counts I and II of the complaint claim Defendant's actions violated Plaintiffs' right to be free from criminal charges based upon "false evidence that was deliberately fabricated by the government." *See Deveraux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001). Claims that the government deliberately fabricated evidence must be supported by proof of either: (1) an investigation against the plaintiff that continued despite the fact that the government knew or should have known of the plaintiff's innocence; or (2) the government's use of coercive and abusive investigative techniques that it should have known would yield false information. *Id.* at 1076.

**1. Adequacy of Allegations**

Defendant first contends the Complaint does not state an adequate *Devereaux* claim against her because it also alleges that former Attorney General Terry Goddard[2] was the driving force behind Plaintiffs' indictments. Defendant argues the complaint's factual allegations show that Goddard's actions, independent of Hinchey's investigation, "subjected [Plaintiffs] to criminal charges." (Doc. 355 at 7). Therefore, Defendant contends the complaint cannot also support a conclusion that Hinchey's actions were the

---

[2] Goddard was dismissed from this action by stipulation of the parties. (Doc. 162). The dismissal was entered on April 15, 2013. (Doc. 166).

driving force behind the filing of criminal charges. (*Id.*)

This argument discounts the Federal Rule of Civil Procedure allowing for inconsistent arguments within a party's pleadings. Under Rule 8, "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). The Court allows such pleadings, even if the inconsistencies presented therein are mutually exclusive. *See PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 859–60 (9th Cir. 2007). Accordingly, so long as the claims against this Defendant are sufficient to establish a prima facie case against her, Plaintiffs' claims regarding the actions of other defendants do not vitiate the adequacy of their complaint.

Read independently, Plaintiffs' allegations against Defendant herself are sufficient to state a claim. The complaint sets forth facts alleging that Hinchey relied on unreliable and incomplete sources in her investigation (Doc. 180 at ¶¶ 163, 222–23), did not take steps to verify the information she received (*id*. at ¶¶ 159–63), discovered but did not disclose potentially exculpatory evidence (*id*. at ¶¶ 192–96, 225), made false reports regarding the extent of her investigation (*id*. at ¶¶ 160–62, 190), and disregarded or failed to ascertain crucial information about the timekeeping and time reporting systems (*id*. at ¶¶ 182–83, 187, 192–95). These are not mere formulaic recitations. *See Twombly*, 550 U.S. at 555–56. These are sufficient allegations from which the Court is able to draw reasonable inferences that Defendant should have known either that Plaintiffs were not guilty or that her investigation tactics would yield false results. *See Devereaux*, 263 F.3d at 1074–75.

**2. Plausibility of Allegations**

Defendant also argues the facts do not give rise to a plausible *Devereaux* claim. A plausible claim is one alleging "enough factual matter (taken as true) to suggest" the truth of the purported conclusions. *Twombly*, 550 U.S. at 556. A claim has "facial plausibility" when the plaintiff pleads factual content sufficient to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Plausibility does not

require that the allegations give rise to a probability of relief, but it does require sufficient "factual enhancement" to push the claims over the line of "naked legal conclusions." *Id.* at 697 (*quoting Twombly*, 550 U.S. at 557).

Defendant asserts the claims are not plausible because they are equally as suggestive of "carelessness or inaccurate investigation" as they are of deliberate fabrication of evidence as required under *Devereaux*. *See* 263 F.3d at 1074–75. But as outlined above, the facts in the complaint allege more than mere carelessness. Drawing the reasonable factual inferences in the light most favorable to the Plaintiffs, the Court finds the Plaintiffs set forth facts suggesting Hinchey had reason to know her investigation was yielding or likely to yield false results. (*See* Doc. 180 at ¶¶ 159–63; 182–83; 187; 190; 192–95; 222–25). This is sufficient to satisfy *Devereaux*'s "stringent test" for supporting a deliberate fabrication of evidence claim. *See Gausvik v. Perez*, 345 F.3d 813, 817 (9th Cir. 2003) (finding that careless investigation alone is insufficient to support a *Devereaux* claim). Plaintiffs' claims are therefore plausible.

**C. Malicious Prosecution Claims**

Finally, Defendant argues Count III does not set forth a cognizable claim for malicious prosecution. A malicious prosecution claim under 42 U.S.C. § 1983 requires a showing that the defendant "prosecuted [Plaintiffs] with malice and without probable cause, for the purpose of denying [them] equal protection" under the Constitution. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)).

**1. Causation**

First, Defendant argues the malicious prosecution claims do not demonstrate causation because the Complaint does not demonstrate how Hinchey was "actively instrumental" in initiating legal proceedings against Plaintiffs. *See Awabdy*, 368 F.3d at 1067. (Doc. 355 at 6). Defendant argues the Complaint's factual allegations render her actions irrelevant by supporting a conclusion that Goddard would have filed charges against Plaintiffs irrespective of Defendant's investigation. Accordingly, Defendant

asserts the complaint's allegations against her are "dispositively undermined" by the complaint's other factual assertions. (Doc. 355 at 7). This argument fails again to take into account the provisions for alternative and inconsistent pleadings contained in Rule 8(d)(3). And, because the complaint sets forth factual allegations specific to Defendant, and from which the Court can reasonably infer Defendant should have known that probable cause did not exist, it is sufficient to give rise to a plausible claim for malicious prosecution. (*See* Doc. 180 at ¶¶ 159–63; 182–83; 187; 190; 192–95; 222–25).

**2. Malice**

Second, Defendant argues Plaintiffs did not sufficiently plead malice because they did not allege that Defendant's conduct was undertaken for the purpose of violating Plaintiffs' constitutional rights. (Doc. 355 at 7–8). But the existence of malice may be inferred when there is no probable cause or a reckless disregard for the truth. *Lacy v. Cnty. of Maricopa*, 631 F.Supp.2d 1197, 1211 (D. Ariz. 2008); *Donahoe v. Arpaio*, 986 F.Supp.2d 1091, 1128–29 (D. Ariz. 2013) (malice may be inferred when there is no probable cause). As explained above, the complaint alleges Hinchey had reason to know the evidence was insufficient to give rise to probable cause against Plaintiffs, yet continued her investigation. The Complaint also alleges Defendant fabricated evidence and made false reports to prosecuting authorities. Accordingly, the complaint sets forth sufficient facts from which malice may be inferred.

**IV. Conclusion**

For the reasons outlined above,

**IT IS ORDERED** denying Plaintiffs' Motion for Leave to File Third Amended Complaint. (Doc. 353). Defendant's Motion to Strike Plaintiff's Motion for Leave to File Third Amended Complaint" is therefore denied as moot. (Doc. 354).

**IT IS FURTHER ORDERED** denying Defendant's Rule 12 Motion to Dismiss Second Amended Complaint. (Doc. 355).

**IT IS FURTHER ORDERED** that Defendant shall file an answer to the Second Amended Complaint within ten (10) days of this Order.

**IT IS FURTHER ORDERED** that within 7 days of Defendant Hinchey's filing in response to the Second Amended Complaint, an order setting a Rule 16 scheduling conference will follow.

Dated this 13th day of December, 2016.

James A. Teilborg
Senior United States District Judge